UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X       Civil Action No.
JOSE GUEVARA and DAVID MURILLO,

                            Plaintiffs,       **CLASS AND COLLECTIVE**
                                           **ACTION COMPLAINT**
   -against-

GRAXCELL PHARMACEUTICALS, LLC and
SATYA KALAGOTLA,

                            Defendants.
-------------------------------------------------------------X

       Plaintiffs, on behalf of themselves and all others similarly situated, by their attorneys, Bell Law Group, PLLC, respectfully allege upon knowledge as to themselves and upon information and belief as to all other matters, the following:

## NATURE OF THE ACTION

       1.     This action is brought by Plaintiffs pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), on behalf of themselves, and all others similarly situated, to seek redress against Defendants for systematic and class-wide failure by Defendants to provide the required minimum wage, overtimes wages and for the failure to provide wage payment statements and wage theft prevention act notifications in violation of the FLSA and NYLL.

       2.     Defendants are the owners and/or operators of a pharmaceutical wholesale distribution business known as Graxcell Pharmaceuticals, located at 136 Oak Drive, Syosset, New York 11791. Plaintiff Jose Guevara (hereinafter referred to as "Plaintiff Guevara") worked for Defendants as a machinery operator from in or around December 2017 through September 2020

and Plaintiff David Murillo (hereinafter referred to as "Plaintiff Murillo") worked for Defendants as a blender from in or around April 2020 through September 2020.

3. Throughout their employment, Plaintiffs worked 7:00 a.m. to 4:00 p.m., Monday through Friday, and 7:00 a.m. to 12:00 p.m., Saturday, without lunch breaks, for approximately fifty (50) hours per week. Plaintiff Murillo was paid below the minimum wage rate at $11.00 per hour and did not receive overtime wages of one and one-half times the minimum wage rate. Plaintiff Guevara was paid $20.00 per hour and did not receive overtime wages of one and one-half times Plaintiff's regular hourly rate of pay. Moreover, Plaintiffs did not receive wage payments statements each week and did not receive wage theft prevent act notification at the time of hiring.

## **PARTIES**

4. Plaintiff Guevara was and still is a resident of the County of Suffolk, State of New York.

5. Plaintiff Murillo was and still is a resident of the County of Suffolk, State of New York.

6. Plaintiffs are covered employees within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq*.

7. Defendant Graxcell Pharmaceuticals, LLC (hereinafter referred to as "Defendant Graxcell") was and still is a foreign limited liability corporation organized and existing under and by virtue of the laws of the State of New Jersey.

8. Defendant Graxcell was and still is authorized to transact business in the State of New York.

9. Defendant Graxcell was and still is transacting business within the State of New York and maintains its principal place of business at 136 Oak Drive, Syosset, New York 11791.

10. Defendant Satya Kalagotla was and still is a resident of the State of New York.

11. Defendant Satya Kalagotla was and still is an officer, principal and/or manager of Defendant Graxcell.

12. Defendant Satya Kalagotla was and still is in active control and management of the Defendant Graxcell, regulates the employment of persons employed by Defendant Graxcell, acted directly and indirectly in the interest of Defendant Graxcell in relation to the employees, and is thus an employer of Plaintiffs under the FLSA and NYLL.

13. Defendants are covered employers within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq*. and, at all relevant times, employed Plaintiffs.

## **JURISDICTION AND VENUE**

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

15. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

16. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

## PLAINTIFFS' FACTUAL ALLEGATIONS

17. Defendants are the owners and operators of a pharmaceutical wholesale distribution business known as Graxcell Pharmaceuticals, located at 136 Oak Drive, Syosset, New York 11791.

18. Upon information and belief, Defendants have employed over one hundred (100) employees over the past six (6) years.

19. Plaintiff Guevara worked for Defendants as a machinery operator from in or around December 2017 through September 2020.

20. As a machinery operator Plaintiff Guevara's duties included operating the machinery that dispenses tablets and medicine.

21. Plaintiff Murillo worked as a blender from in or around April 2020 through September 2020.

22. As a blender Plaintiff Murillo's duties included mixing chemicals with medicines.

23. Throughout their employment, Plaintiffs worked 7:00 a.m. to 4:00 p.m., Monday through Friday, and 7:00 a.m. to 12:00 p.m., Saturdays, for an approximate total of fifty (50) hours per week.

24. Plaintiffs did not receive any lunch breaks during their employment and/or breaks in excess of twenty (20) minutes.

25. During Plaintiff Guevara's employment, Plaintiff was paid $20.00 per hour straight time and was not paid one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty (40) hours per week.

26. During Plaintiff Murillo's employment, Plaintiff was paid $11.00 per hour below the minimum wage rate and was not paid overtime of one and one-half times the minimum wage rate.

27. Moreover, Plaintiffs were not provided with wage payment statements reflecting Plaintiffs' hourly rate or number of hours worked nor were Plaintiffs provided with a wage theft prevention act notifications at the time of hiring indicating Plaintiffs' rate of pay or the basis thereof.

28. At all relevant times, Defendant Satya Kalagotla was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for Plaintiffs and workers at Graxcell Pharmaceuticals.

29. At all relevant times, Defendants maintained control, oversight and authority over the Plaintiffs in the terms and conditions of Plaintiffs' employment and payment of wages and were Plaintiffs' employer as defined under the FLSA and NYLL.

30. The work performed by Plaintiffs was non-exempt work, as that term is used and defined in the United States and New York State Department of Labor's regulations promulgated under the FLSA and NYLL.

31. Plaintiff Murillo was required pursuant to NYLL § 652 to be paid a minimum wage rate of no less than $13.00 per hour from December 31, 2019 through December 30, 2020.

32. Defendants regularly failed to pay Plaintiff Murillo the required minimum wage throughout the period of Plaintiff's employment in violation of the NYLL.

33. Plaintiffs were entitled to be paid at least one and one-half times the minimum wage rate and/or the regular hourly rate of pay for each hour in excess of forty (40) hours that Plaintiffs worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

34. Throughout Plaintiffs' employment, Plaintiffs worked in excess of forty (40) hours per workweek and were entitled to receive overtime wages.

35. At no time were Plaintiffs paid overtime wages of one and one-half times the minimum wage rate and/or the regular hourly work rate of pay for any hours that Plaintiffs worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

36. At all relevant times, Plaintiffs were entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions pursuant to NYLL 195(3).

37. At all relevant times, Plaintiffs were entitled to a notice at the time of hiring indicating Plaintiffs' rate of pay and the basis thereof, the name of the employer, any doing business as names and the main office or principal place of business pursuant to NYLL 195(1).

38. During Plaintiffs' employment, Plaintiffs were not provided with proper wage payment statements and were not provided with a wage theft prevention action notice at the time of hiring reflecting the rate of pay and other required information in violation of the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs bring this action on behalf of themselves and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

40. Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

41. Plaintiffs bring the FLSA claims on behalf of themselves and others similarly situated, namely employees of Defendants who worked as machine operators, blenders and all other non-exempt positions from the period of September 8, 2018 to the date of final judgment in

this matter, and who were not paid overtime wages for hours worked in excess of forty (40) hours per week and who do not opt out of this action (hereinafter referred to as the "Graxcell Collective").

42. Upon information and belief, the Graxcell Collective consists of approximately fifty (50) similarly situated individuals who have not been paid overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

43. Defendants have failed to pay overtime to employees other than those in Graxcell Collective, and Plaintiffs reserve the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

44. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and others similarly situated.

45. Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## **CLASS ACTION ALLEGATIONS**

46. Plaintiffs bring the state law claims on behalf of themselves and other similarly situated as a representative of a class of all non-exempt pharmaceutical workers employed by Defendants within the six years prior to the filing of this complaint.

47. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the state law claims, Plaintiffs seek the certification of a class of all persons who, during the relevant time period of September 8, 2015 to the date of final judgment in this matter, have been employed by Defendants as machine operators, cashiers and all other non-exempt positions at Graxcell Pharmaceuticals; were not paid minimum wage, worked overtime and were not paid one and one-half times the minimum wage rate or hourly rate of pay; were not provided wage payment

statements; and were not provided with notices of pay rate upon the commencement of their employment (hereinafter referred to as the "Graxcell Class").

48. Upon information and belief, the Graxcell Class includes over one hundred (100) similarly situated individuals who have not been paid minimum wage, overtime wages, spread of hours wages and who have not received wage payment statements or wage theft prevention act notifications, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

49. The class is so numerous as to make it impracticable to join all members of the class as Plaintiffs.

50. There are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the wage laws of the State of New York.

51. Common questions of law and fact include, but are not limited to, the following:

   A. Whether Defendants have consistently failed to pay Plaintiffs and class members the applicable minimum wage as required by the NYLL;

   B. Whether Defendants have consistently failed to pay Plaintiffs and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

   C. Whether Defendants failed to provide Plaintiffs and class members with accurate wage payment statements as required by the NYLL;

D. Whether Defendants have failed to provide Plaintiffs and class members proper notice of their rate of pay and basis thereof at the time of hire as required by the NYLL;

E. Whether Defendants have, in failing to make required payments to Plaintiffs and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

52. Plaintiffs' minimum wage, overtime wages, wage payment statements and wage rate notification claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of and against all class members.

53. Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiffs are similarly situated with, and have suffered similar violations and damages as, the members of the class Plaintiffs seek to represent.

54. Plaintiffs have retained counsel capable of handling class action suits. Neither Plaintiffs nor their counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

55. Pursuant to F.R.C.P. 23(b)(1), class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

56. Pursuant to F.R.C.P. 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting

only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## **CLASS AND COLLECTIVE-WIDE FACTUAL ALLEGATIONS**

57. Plaintiffs and members of the Graxcell Class and Graxcell Collective defined above (collectively, "Graxcell Group") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and NYLL by denying them pay, including minimum wage, overtime wages, and failing to provide them with wage payment statements and hiring wage rate notifications.

58. As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the Graxcell Group by violating the FLSA and/or the NYLL.

59. Defendants have substantially benefitted and profited from the work that Plaintiffs and Graxcell Group have performed.

60. Defendants failed to keep any records of the hours worked by the Plaintiffs and the Graxcell Group.

61. Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

62. Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

63. Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiffs and the Graxcell Group.

## AS AND FOR THE FIRST CAUSE OF ACTION
(*Minimum Wage under the NYLL*)

64. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

65. At all relevant times, Plaintiff Murillo and the Graxcell Class were employees and Defendants were employers within the meaning of NYLL §§ 190, 651 and 652.

66. At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

67. Pursuant to NYLL § 652, Defendants were required to pay Plaintiff Murillo and the Graxcell Class a minimum wage rate of no less than $13.00 per hour from December 31, 2019 through December 30, 2020

68. Defendants have engaged in a pattern, practice, policy and/or common scheme of failing to pay Plaintiff Murillo and the Graxcell Class the applicable minimum wage for any of the hours they required Plaintiff Murillo and the Graxcell Class to work.

69. Defendants have violated NYLL § 652 by failing to compensate Plaintiff Murillo and the Graxcell Class the applicable minimum hourly wage.

70. As a result of Defendants' violations of the law and failure to pay Plaintiff Murillo and Graxcell Class the required minimum wage, Plaintiff Murillo and the Graxcell Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

71. Defendants willfully, knowingly and intentionally have failed, and continue to fail to compensate Plaintiff Murillo and Graxcell Class the required minimum wage.

72. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff Murillo and the Graxcell Class.

73. Due to Defendants' intentional and willful failure to pay Plaintiff Murillo and Graxcell Class the applicable minimum wage, Plaintiff Murillo and the Graxcell Class are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

**AS AND FOR THE SECOND CAUSE OF ACTION**
*(Overtime under the FLSA)*

74. Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

75. At all relevant times, Plaintiffs and the Graxcell Collective were employees of the Defendants within the meaning of 29 U.S.C. § 203(e).

76. At all relevant times, Defendants employed Plaintiffs and the Graxcell Collective within the meaning of 29 U.S.C. § 203(g).

77. As the Defendants shared control of the services of the Plaintiffs and Graxcell Collective, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

78. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

79. At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

80. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

81. Pursuant to NYLL Pursuant to FLSA, 29 U.S.C. § 201 *et seq*., non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

82. Plaintiffs and the Graxcell Collective were entitled to be paid one and one-half times the minimum wage rate and/or Plaintiffs and the Graxcell Collective's regular hourly rate for any hours worked in excess of forty (40) hours in any workweek.

83. Defendants required Plaintiffs and the Graxcell Collective to work more than forty (40) hours a week, and Plaintiffs and the Graxcell Collective regularly worked more than forty (40) hours a week throughout their employment.

84. At no time have Defendants paid Plaintiffs and the Graxcell Collective a rate of one and one-half times the minimum wage rate and/or Plaintiffs and the Graxcell Collective's hourly rate of pay for all of the hours Plaintiffs and the Graxcell Collective worked in excess of forty (40) hours per week.

85. Defendants willfully, knowingly and intentionally did not compensate Plaintiffs and the Graxcell Collective for overtime at a rate of one and one-half times Plaintiffs and the Graxcell Collective's hourly rate of pay for all of the hours Plaintiffs and the Graxcell Collective worked in excess of forty (40) hours per week.

86. As a result of Defendants' violations of the law and failures to pay Plaintiffs and the Graxcell Collective required regular and overtime wages, Plaintiffs and the Graxcell Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

87. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Graxcell Collective was in compliance with the law, Plaintiffs

13

and the Graxcell Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

88. Members of the Graxcell Collective are entitled to collectively participate in this action by choosing to "opt-in" and submit written Consents to Join this action pursuant to 29 U.S.C. § 216(b).

### AS AND FOR THE THIRD CAUSE OF ACTION
*(Overtime under the NYLL)*

89. Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

90. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

91. Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

92. Plaintiffs and the Graxcell Class were entitled to be paid one and one-half times the minimum wage rate and/or Plaintiffs and the Graxcell Class' regular hourly rate for any hours in excess of forty (40) worked in any workweek.

93. Defendants required Plaintiffs and the Graxcell Class to work more than forty (40) hours a week, and Plaintiffs and the Graxcell Class regularly worked more than forty (40) hours a week throughout their employment.

94. At no time have Defendants paid Plaintiffs and the Graxcell Class a rate of one and one-half times the minimum wage rate and/or Plaintiffs and the Graxcell Class' hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

95. Defendants willfully, knowingly and intentionally did not compensate Plaintiffs and the Graxcell Class for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

96. As a result of Defendants' violations of the law and failures to pay Plaintiffs and the Graxcell Class required regular and overtime wages, Plaintiffs and the Graxcell Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.2.

97. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs and the Graxcell Class was in compliance with the law, Plaintiffs and the Graxcell Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(Wage Statements NYLL § 195(3))*

98. Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

99. Pursuant to NYLL § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

100. Defendants failed to furnish accurate wage statements to Plaintiffs and the Graxcell Class in violation of NYLL § 195(3) by, *inter alia*, failing to provide Plaintiffs and the Graxcell Class with accurate statements of their full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

101. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

102. As Defendants failed to provide proper wage payment statements under NYLL 195(3), Plaintiffs and the Graxcell Class are entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000, together with attorneys' fees, costs and interest.

**AS AND FOR THE FIFTH CAUSE OF ACTION**
*(Wage Theft Prevention Act Notification NYLL § 195(1))*

103. Plaintiffs hereby repeat and re-allege each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

104. NYLL § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

105. Defendants failed to furnish such a statement to Plaintiffs and the Graxcell Class in violation of NYLL § 195(1) by, *inter alia*, failing to provide Plaintiffs and the Graxcell Class at the time of hiring with an accurate statement of Plaintiffs' regular rate of pay, the basis thereof, and other information required by NYLL § 195(1).

106. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

107. As Defendants failed to provide Plaintiffs and the Graxcell Class with proper a proper notice under NYLL 195(1), Plaintiffs and the Graxcell Class are entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs and interest.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all other similarly situated persons, seek the following relief:

A. That, at the earliest time possible, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the Graxcell Collective. Such notice shall inform the Graxcell Collective that this civil action has been filed, of the nature of the action, and of their right to join this action;

B. Certification of the Graxcell Class pursuant to Rule 23 of the Federal Rules of Civil Procedure; designation of Plaintiffs as class representative; designation of Plaintiffs' counsel as class counsel; and a reasonable incentive payment to Plaintiffs;

C. On the First Cause of Action on behalf of Plaintiffs and Graxcell Collective members against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Second Cause of Action on behalf of Plaintiffs and Graxcell Collective members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Third Cause of Action on behalf of Plaintiffs and the Graxcell Class members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F. On the Fourth Cause of Action on behalf of Plaintiffs and Graxcell Class Members against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $250.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys'

fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G. On the Fifth Cause of Action on behalf of Plaintiffs and Graxcell Class Members against Defendants for failing to provide a proper notice at the time of hiring of the rate of pay and basis thereof in an amount of $50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest.

H. Such other and further relief as is just and proper.

Dated: Garden City, New York
September 15, 2021

          Respectfully submitted,
          BELL LAW GROUP, PLLC


          By: */s/ Matthew Madzelan*
          Matthew Madzelan, Esq.
          *Attorneys for Plaintiff*
          100 Quentin Roosevelt Boulevard
          Suite 208
          Garden City, New York 11530
          (516) 280-3008
          Matthew.M@Belllg.com